

OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

BILL DAVIS　　　　　　　　　　　　　　　　　　　　　　　　　　　　(512) 936-1896
ASSISTANT SOLICITOR GENERAL　　　　　　　　　　　　　　　　　BILL.DAVIS@OAG.STATE.TX.US

September 11, 2007

U.S. COURT OF APPEALS
FILED
SEP 12 2007
CHARLES R. FULBRUGE III
CLERK

**VIA FEDEX OVERNIGHT**

Mr. Charles R. Fulbruge, III, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

　　　Re:　Nos. 06-51067 and 06-51104; *Reliable Consultants, Inc. v. Greg Abbott, et al.* and *PHE, Inc. v. Greg Abbott, et al.*

Dear Mr. Fulbruge:

　　Please file this Rule 28(j) letter in the above-referenced case, distribute the enclosed copies to the Court, and file-stamp the extra copy and return it to me in the enclosed self-addressed, stamped envelope. On today's date, copies of this letter are being served on all counsel of record. Thank you for your assistance.

TO THE HONORABLE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

　　After the Attorney General filed his brief, the Eleventh Circuit decided *Williams v. Morgan*, 478 F.3d 1316 (11th Cir. 2007) ("*Williams VI*"), in which the court rejected a substantive-due-process challenge based on *Lawrence v. Texas*, 539 U.S. 558 (2003), to an obscene-device statute substantially similar to Texas's.

　　*Williams VI* addressed a question raised in this case—"whether public morality remains a sufficient rational basis for the challenged statute after . . . *Lawrence*." 478 F.3d at 1318. It answered that question in the affirmative, *id.* at 1318, 1320, 1323, explaining that

> while the statute at issue in *Lawrence* criminalized *private* sexual conduct, the statute at issue in this case forbids *public, commercial* activity. To the extent *Lawrence* rejects public morality as a legitimate government interest, it invalidates only those laws that target conduct that is *both* private *and* non-commercial. . . . [B]ecause the

Mr. Charles R. Fulbruge, III, Clerk
September 11, 2007
Page 2

> challenged statute . . . does not target private activity, but public, commercial activity, the state's interest in promoting and preserving public morality remains a sufficient rational basis.

*Id.* at 1322-23. Because Appellants' challenge concerns only commercial activity—indeed, Appellants did not allege that there is any credible threat of prosecution for *non*commercial or medically-related activity—the same reasoning applies here. AG Br. 12-15; *see also id.* at 23-24 (explaining the morality-based interests behind the statute).

After *Williams VI*, a decision concluding that the Texas obscene-device statute lacks a rational basis would create a circuit split. It would also (1) impermissibly override lawmakers' settled "authority to regulate commercial activity they deem harmful to the public," *Williams VI*, 478 F.3d at 1322; (2) be the first decision to embrace a substantive-due-process challenge to an obscene-device statute containing an exception for legitimate medical sales and advertisement, AG Br. 17-18; and (3) call into doubt other purely morality-based laws, including those prohibiting prostitution and bigamy, AG Br. 13, 26. The Court should reject those results.

Respectfully submitted,

/s/ Bill L. Davis

Bill L. Davis
Counsel of Record for Defendant-Appellee
Texas Attorney General Greg Abbott

WLD/ab

cc:   H. Louis Sirkin, Jennifer M. Kinsley, and Scott R. Nazzarine (via *CMRRR*)
      Julie M. Carpenter and Duane C. Pozza (via *CMRRR*)
      Elaine Agnes Casas and Jennifer Kraber (via *CMRRR*)